The Defts. having pleaded that they were under Age and praied that the Parol might demur Upon Demurrer Judgment was given quod respondeant ouster After which they pleaded in Abatement of the Writ that there is another Devisee in the Will not named in the Writ To which the Pit replied an Imparlance the former Plea & Judgment And thereupon demurred And it was argued for the Pit.
That this Plea being in Abatement could not be pleaded after Imparlance which was a known & settled Point 1 Vent. 76. 137. Sti. 187. 2. Lutw. 22. 24. 8 Mod. 43. 381.
It is true Matter of Abatement may be pleaded after a special Imparlance And it is also true that the Deft, here in the Office had a special Imparlance granted but the Plea is pleaded without any Notice of it And therefore they have waived & lost the Benefit of it.
The Nature of an Imparlance is nothing else but the Continuance of the Cause to a further Day for the Deft, to advise what to plead Terms of the Law 289. And when the Delt. has anything to plead in Abatement he takes his Imparlance with a Salvis sibi omnibus advantagiis &c. And this is called a special Imparlance After which Matter of Abatem’t may be pleaded as I sayed
[214] In England these special Imparlances are granted by the Secondaries in B. R. & the Prothonotaries in C. B. as they are by the Clerk here out of Court out of Court [sic] And there are various Sorts of them as with a saving Exception to the Writ — to the Writ & Declaration — or with a Saving of all Exceptions whatsoever Hard. 365. 1 Sal. 1. And when the Deft, comes to plead he shews the Nature of his special Imparlance in his Plea And this of Necessity for 2 Reasons 1. that the Court may judge whether the Matter he pleads is proper after such Imparlance because if it be not the Plea will be judged naught For Instance if the Imparlance be only with a Saving to the Writ or Bill he shall not plead to the Jurisdiction or any Matter in ^Abatement of the Count or Deel. 1 Sal. 1 Hard. 365. 2. That the Imparlance may be made a Part of the Record And so are all the Precedents that I have seen of special Imparlances 1. *B230 Lutw. 6. 44. The Clerk in making up this Record can take no Notice of this Imparlance not being in the Plea So if the Record was made up here as it is in England before Trial it could not appear there had been such Imparlance Nor will it appear to Posterity And then if Judgment is given upon this Record for the Deft, it will not appear but that this Courts Opinion was that Matter of Abatement may be pleaded after a gen’l Imparlance which I presume it is not From hence I argue the Necessity of shewing the Imparlance in the Plea And that where the Deft, does not do it ’Tis in Effect a Waiver of it At least this Plea is defective in Form the Preced’ts being all ag’t it And in Pleas of Abatement which are generally for Delay the greatest Strictness & Nicety of Pleading is required the Reason is because they are not to be encouraged or favoured
But if this Objection will not hold this Plea being after another dilatory Plea & a Judgment thereupon quod respondeat ouster can never be good ’Tis as known & settled a Rule as any in Practise that two dilatory Pleas shall never be allowed to one Action The Reason is that by the same Rule 20 may be pleaded And so the Pit. delaied ad infinitum And this Reason is so forcible it needs no Comment For Authoritys See 2 Sand. 41.
There is however an Exception to this Rule where the Cause of Abatem’t has happened since the last Continuance Now every Plea in Judgment of Law is dilatory that tends to obstruct or delay the Trial of the Merits & Right of the Cause Within which Notion both these Pleas of the Defts. come the 1. Plea that the Defts. are under Age & therefore praying that the Parol may demur is to delay the Process till the Defts. full Age The Plea now under Cons, is to obstruct the Trial of the Merits by abating' the Writ These then certainly are both dilatory Pleas & therefore this last is not to be allowed
[215] Note this Plea ought not to have been received And the proper Way would have been to have refused it in the Office And so brought it before the Court upon a Motion 2. Sand. 41.
If the Court is ag’t me in this Point Then I object to the Matter of this Plea that it is frivolous & really no Cause of Abatement The Obj. is that there is another Devisee who is not named in the Writ The Statute upon which this Action is founded does not require that all the Devisees should be joined in the Writ And it ought to be construed so as to give the most ample ready & benficial Remedy to Cred’rs Now it often happens *B231 that there are Disputes upon a Will who shall take by such a particular Devise And must the Cred’rs wait till that is determined Certainly no But if other Lands are devised concerning which there is no Dispute the Cred’r may sue these last Devisees & have Judgment ag’t them And there is no Inconvenience that Judgment should be ag’t some Devisees only & not ag’t all because those ag’t whom Judgm’t is had may compel the others in Equity to contribute Further a Man may take upon him to devise Lands he has no Title to And shall a Cred’r who knows this be compelled to sue the Devisee of such Land with other Devisees and so create an unnecessary Expence on both Sides Certainly the Act can never receive such a Construction
Besides it appears by the Act itself that some Devisees ought not to be sued There is a Proviso that Devises for paying just Debts or for raising younger Childrens Portions pursuant to Articles before Marriage shall be good And where Lands are so devised the Devisees ought not to be sued or joined in the Writ ag’t the other Devisees Therefore in this Plea of the Defts. upon the Face of it is no good Cause of Abatem’t The Plea is only that there was another Devisee Now it is plain by the Stat. all Devisees are not liable Therefore the Defts. should have shewn not only that there was another Devisee but that he was liable by alledging he was not within the Proviso before mentioned Otherwise it can’t appear to the Court that he ought to be joined in the Writ And consequently the Plea is not good
But the Truth is that this Devise to Timmons (the Devisee not named) is clearly within the aforesaid Proviso And that was the Reason he was not joined in our Action The Devise is of 1500 A. to him in Fee — Then follows — “he paying 1261 lbs. of “ Tob’o due to my Estate to my Extrix & no otherwise to have “ the said Land the said Tob’o being due for Composition & other “ Fees for Lands taken up On which Acco’t I have devised “ to him the s’d Tract ” The Case between this Timmons & the Testor is pretty plain from the Words of the Will They had taken up Lands together which I suppose were granted to the Testor alone who like an honest Man [216] devises half to Timmons upon paying the Composition This I say is pretty plain from the Will & is the Truth of the Case Now to what Purpose sho’d this Man be sued since nothing is devised to him *B232 but what was properly his own He had the equitable Right & might at any Time have compelled a Conveiance of the legal from the Testator or his Heirs This Land could not be made subject to the Testors Debts in his Life time nor can be since his Death It would therefore have been an unnecessary Ex-pence & Trouble to this Devisee as well as the Pit. to have joined him with the Defts. in this Action
Mr. Att. Gen’l for the Deft.
The Matter of this Plea is a good Cause of Abatement & well enough pleaded If the Devisee is such a one as ought not to be sued it comes properly on the Pits. Part to shew that by Way of Repl. But the Deft, is too late to plead this Matter after a former dilatory Plea & Judgm’t quod respondeat ouster.
And so Judgm’t was given that the Deft, sho’d answer further
I might further insist that this Case is undoubtedly within the Equity & Meaning of the Proviso in the Stat. but enough I hope has been sayed to shew that this Devisee ought not to have not to have been sued And this Plea as to the Matter of it is naught.
N B w’t is sayed above that this Plea should not have been received October 1736.